UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. DODENHOFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-00831 TLN CKD (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis. On April 26, 2017, plaintiff's original complaint was dismissed with leave to amend. Before the court is plaintiff's first amended complaint. (ECF No. 4.) Plaintiff has also filed a motion for injunction seeking an order "halt[ing] all proceedings in violation of Plaintiff's rights" and "an immediate return of $65,365.40 taken by the defendants under an . . . illegal tax scheme." (ECF No. 5.)

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Having reviewed the first amended complaint, the court concludes that it does not cure the defects of the original complaint as set forth in the April 26, 2017 order. However, the court will grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

As the amended complaint is being dismissed with leave to amend and there are no claims presently before the court, the court will deny plaintiff's motion for injunctive relief without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. Plaintiff's motion for injunction (ECF No. 5) is denied without prejudice.

Dated: June 13, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 dodenhoff0381.FAC