UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. DODENHOFF,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>    Defendants. | No.  2:17-cv-00831 TLN CKD (PS)<br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se and in forma pauperis.  His first two complaints were dismissed with leave to amend.  Before the court is plaintiff's second amended complaint ("SAC").  (ECF No. 8.)  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

    The SAC names three defendants: the Department of the Treasury, the Internal Revenue Service, and Congressman John Garamendi.  Plaintiff alleges that these "defendants have proceeded, without due process of law, to take a portion of the plaintiff's Social Security benefit as payment on an unsubstantiated debt."  (SAC at 5.)  He alleges that these actions "have taken place for the last 20+ years" and that the stigma from the government's lien has prevented him from getting a job.  (Id.)  He seeks the "immediate return of $65,965.40," the amount he alleges

1 has been unlawfully diverted from his Social Security payments over the years. (Id.) Plaintiff
2 does not describe "the unsubstantiated debt" or provide any paperwork documenting the alleged
3 deductions from his benefit payments.
4     Plaintiff has now filed three complaints in this action. He was previously advised of the
5 standards for pleading a federal claim. The SAC does not cure the pleading deficiencies evident
6 in the original complaint or the first amended complaint. (See ECF Nos. 3 & 7.) Most basically,
7 plaintiff fails to demonstrate how the conduct of each defendant resulted in a deprivation of
8 plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Like the prior
9 complaints, the SAC is too vague and conclusory to state a claim.
10     Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has
11 failed to do so. Moreover, it appears that further amendment would be futile. Thus the
12 undersigned will recommend dismissal of this action.
13     Plaintiff has filed a second motion for injunction, which will be denied as the SAC fails to
14 state an actionable claim.
15     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preliminary inunction
16 (ECF No. 9) is denied.
17     IT IS HEREBY RECOMMENDED that this action be dismissed.
18     These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
23 within the specified time may waive the right to appeal the District Court's order. Martinez v.
24 Ylst, 951 F.2d 1153 (9th Cir. 1991).
25 Dated: July 18, 2017

                                        */s/ Carolyn K. Delaney*
26                                   CAROLYN K. DELANEY
27                                   UNITED STATES MAGISTRATE JUDGE
28 2 dodenhoff0381.SAC_57