# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. DODENHOFF,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>Defendant. | No. 2:17-cv-00831-TLN-CKD<br><br>**ORDER** |

Plaintiff Dennis A. Dodenhoff ("Plaintiff"), proceeding pro se, filed a Second Amended Complaint ("SAC"), as well as a Motion for Preliminary Injunction against the Department of Treasury, Internal Revenue Service, and Congressman John Garamendi ("Defendants") on July 13, 2017. (SAC, ECF No. 8; Mtn. for Preliminary Injunction, ECF No. 9.) On July 19, 2017, Magistrate Judge Carolyn K. Delaney issued Findings and Recommendations ("F & R"), advising that Plaintiff's claims be denied and the case dismissed. (F & R, ECF No. 10.) The F & R contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 10.) Plaintiff did not file objections, but rather, on August 2, 2017, he filed a proposed Third Amended Complaint that, that like the preceding three complaints, failed to state a cognizable claim. (*See* Third Amended Compl., ECF No. 11.) On October 5, 2017, this Court adopted the F & R and ordered that the case be closed. (Order, ECF

1

No. 12.) The Court further stated that Plaintiff's Third Amended Complaint "fail[ed] to state a cognizable claim." (ECF No. 12 at 1.) On February 20, 2018, Plaintiff filed a motion to vacate this Court's Order and Judgment Adopting Findings and Recommendations. (Mtn. to Vacate, ECF No. 14.)

Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff's motion fails to allege any factual allegations that could support relief under Rule 60(b). Plaintiff has not met this burden and thus cannot be afforded relief. As such, Plaintiff's motion (ECF No. 14) is DENIED.

This case is closed. Should Plaintiff continue to disagree with the Court's ruling, the appropriate course of action is to seek remedy from the Ninth Circuit. Any future filings with this Court will be disregarded. No further orders will be issued in this closed case.

IT IS SO ORDERED.

Dated: October 15, 2018

Troy L. Nunley
United States District Judge